UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: '08 MJ 1068 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| Marco Antonio ROMAN-Serrano | Title 8, U.S.C., Section 1326 |
| Defendant. | Attempted Entry After Deportation (Felony) |

The undersigned complainant being duly sworn states:

On or about **April 6, 2008**, within the Southern District of California, defendant, **Marco Antonio ROMAN-Serrano,** an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **7th** DAY OF **April 2008**.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On April 6, 2008, at approximately 1100 hours, a male individual identified as **Marco Antonio ROMAN-Serrano (Defendant),** attempted to enter the United States from Mexico at the San Ysidro, California, Port of Entry, via the pedestrian primary lanes. Defendant attempted to elude inspection and failed to present himself before a Customs and Border Protection (CBP) Officer. Defendant was stopped by a CBP Officer and asked if he had any entry documents to which Defendant responded he did not. The Defendant was subsequently escorted to secondary for further inspection

In secondary, Defendant was queried by fingerprint and photograph through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which confirmed Defendant's identity and criminal history and linked him to Immigration Service records.

Queries through the Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico without legal documents to enter the United States. DACS further revealed Defendant was order deported and removed from the United States by an Immigration Judge on November 30, 2000. CBP records indicate no evidence that Defendant has applied for, or received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

Defendant was advised of his Miranda rights and elected to answer questions without the benefit of counsel. Defendant admitted he is a citizen of Mexico without legal documents or entitlements to enter the United States. Defendant admitted to having been previously deported from the United States to Mexico by an Immigration Judge. Defendant admitted he has not receiving permission from the Attorney General to re-enter the United States. Defendant admitted he did not present himself for inspection before a CBP Officer. Defendant stated he was going to Los Angeles, California to be reunited with family and to seek employment.